UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

FILED BY ___JC___ D.C

97 JUL 17 PM 3: 24

CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA.-MIAMI

CERTIFICATION OF JUDGMENT
FOR REGISTRATION IN ANOTHER DISTRICT

**97-2246**

BANK MIDWEST, a
National Association,
v.

MORRIS, JAFFE, ELI
PIETRACK, and IRVING KERN,

Case Number: 96-C-1620-NE

**CIV-MORENO**

MAGISTRATE JUDGE
GARBER

I, **PERRY D. MATHIS**, Clerk of the United States District Court for the Northern District of Alabama, certify that the attached judgment is a true and correct copy of the original judgment entered in this action on December 5, 1996, as it appears in the records of this court, and that no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed.

**IN TESTIMONY WHEREOF**, I sign my name and affix the Seal of this Court on June 2, 1997.

PERRY D. MATHIS, CLERK

By: _____
Deputy Clerk

[*NOTE: The motions listed in Rule 4(a) Fed. R. App. P., are motions: for judgments notwithstanding the verdict; to amend, or make additional findings of fact; to alter or amend the judgment; for a new trial; and for an extension of time for filing a notice of appeal.]

cat / div  B-DADE
Case #  97CV 2246
Judge  FAM   Mag  BG
Motn Ifp _____  Fee pd $  20.00
Receipt # 679443

A TRUE COPY
[illegible stamp - Northern District of Alabama, Deputy Clerk]

FILED
96 DEC -5 AM 9: 5
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
DEC 5 1996

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

BANK MIDWEST, )
 )
    Plaintiff, )
 )
vs. ) CIVIL ACTION NUMBER
 )
MORRIS JAFFE, et al., ) 96-C-1620-NE
 )
    Defendants. )

## DEFAULT JUDGMENT

1. Bank Midwest's Motion for Entry of Default Judgment is hereby **GRANTED**.

2. Default Judgment is hereby entered in favor of Bank Midwest and against Irving Kern in the amount of $113,333.33, plus interest and late charges in the amount of $95,031.66, attorneys' fees of $12,500.00, and the costs of this action.

DONE this 4th day of December, 1996.

                                           UNITED STATES DISTRICT JUDGE
                                           U. W. CLEMON

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

**FILED**
DEC 5 1996
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

BANK MIDWEST, )
)
    Plaintiff, )
)
vs. ) CIVIL ACTION NUMBER
) 96-C-1620-NE
MORRIS JAFFE, et al., )
)
    Defendants. )

**ENTERED**
DEC 5 1996

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Based on the pleadings and the affidavit of Corbello, the Court makes the following Findings of Fact and Conclusions of Law.

1. On September 17, 1976, Morris Jaffe ("Jaffe"), Eli Pietrack ("Pietrack") and Irving Kern ("Kern"), and collectively with Jaffe and Pietrack, the ("Guarantors") executed an Endorsement and Guaranty (the "Guaranty") and delivered same to First Southern Federal Savings & Loan Association of Mobile ("First Southern"). (Corbello Aff., ¶3).

2. Under the terms of the Guaranty, the Guarantors jointly, severally and unconditionally guaranteed the payment to First Southern of a loan (the "Loan") owed by Scottsboro Inn Associates, an Alabama Limited Partnership ("Scottsboro Inn"), relating to an inn in Jackson County, Alabama. (Id. at ¶4). As evidence of the Loan, Scottsboro Inn executed a note (the "Note")

15

dated September 17, 1976, payable to First Southern in the amount of $1,000,000.00. (Id). The Guarantors were general partners of Scottsboro Inn. Under the Guaranty, each Guarantors' liability is limited to $133,333.33. (Id).

3. On August 25, 1989, the Guarantors executed an Assumption Agreement and Modification of Note and Mortgage (the "Assumption Agreement"). (Id. at ¶5). The Assumption Agreement also was executed by B.E. Lanum ("Lanum") and Altus Bank, as successor in interest to First Southern ("Altus"). (Id). Pursuant to the Assumption Agreement, Scottsboro Inn and Lanum entered into an agreement for the purchase and sale of Scottsboro Inn's assets. (ID). Lanum assumed personal liability to Altus under the terms of the Loan, as modified by the Assumption Agreement. As a condition to Lanum assuming said obligations, the Guarantors agreed to their continued personal, separate and several liability to Altus in the reduced amount of $133,333.33 each (the "Guaranteed Amount") under the terms of the Guaranty. (Id).

4. Pursuant to the Assumption Agreement, the Guarantors affirmed and acknowledged that the Guaranty is a continuing, absolute and unconditional guarantee that remains in full force and effect until the indebtedness due under the Loan is fully satisfied. (Id. at ¶6). Pursuant to the Guaranty and Assumption Agreement, the Guarantors waived all exemption from execution and

2

agreed to pay all costs of collection, including reasonable attorney's fees. (Id).

5. On or about May 17, 1991, the Resolution Trust Corporation ("RTC") was appointed as Receiver for Altus by the Office of Thrift Supervision. (Id. at ¶7). As a result, the RTC was appointed as Conservator for Altus. (Id).

6. On or about June 17, 1992, the RTC transferred, conveyed and assigned unto Community Bank, a National Association ("Community Bank"), all RTC's rights, title and interest in and to the Loan. (Id. at ¶8).

7. On or about September 7, 1993, Community Bank was merged into Bank Midwest. The merger was acknowledged and approved by the Office of the Comptroller of the Currency. (Id. at ¶9). Upon the effective date of the merger, all assets of Community Bank passed to and vested in Bank Midwest. (Id).

8. An event of default has occurred under the terms of the Note, the Assumption Agreement and other loan documents, by the failure of Lanum to make the payments due thereunder. (Id. at ¶10). As a result, the principal and interest owing thereunder became immediately due and payable. (Id).

9. As of September 25, 1996, the total principal, interest and late charges due and owing by Lanum to Bank Midwest under the Note and Assumption Agreement is $877,704.31, comprised

of principal in the amount of $791,678.25, interest of $80,809.44, and late charges of $5,216.51.(Id. at ¶11). Interest continued to accrue at the per diem rate of $255.14. (Id). Accordingly, said principal, interest and costs owing to Bank Midwest are likewise due and owing by each of the Guarantors under the Guaranty and Assumption Agreement in their respective Guaranteed Amounts. (Id).

10. Bank Midwest has made demand upon each of the Guarantors for payment of their respective Guaranteed Amount, however, the Guarantors have failed and refused to pay the obligations thereunder. (Id. at ¶12).

11. Based on the services rendered to Bank Midwest in this action, the time expended, expertise required, amount of indebtedness being collected and rates customarily charged, a reasonable fee to be paid to Burr & Forman for its services rendered in connection with this action is $12,500.00. (Elliott Aff., ¶5).

12. On June 21, 1996, Bank Midwest filed its complaint in this Court against the Guarantors. The complaint was served on Kern and Jaffe on June 27, 1996.

13. Jaffe and Kern's reply was due to be served on or before Monday, July 22, 1996. Jaffe and Kern failed to serve a reply or any other responsive pleading to the complaint.

4

14.  The Clerk of the Court has heretofore entered default against Jaffe and Kern on September 20, 1996.

15.  Neither Jaffe nor Kern is an infant, incompetent, or in the military service of the United States.

16.  On November 18, 1996, Jaffe filed a suggestion of bankruptcy.  By separate order, this cause shall be dismissed, without prejudice, as to him.

DONE this ____4th____ day of December, 1996.

/s/ U. W. Clemon
UNITED STATES DISTRICT JUDGE
U. W. CLEMON

United States District Court
for the
Northern District of Alabama
December 5, 1996

\* \* MAILING CERTIFICATE OF CLERK \* \*

Re: 5:96-cv-01620

True and correct copies of the attached were mailed by the clerk to the following:

David A Elliott, Esq.
BURR & FORMAN
PO Box 830719
Birmingham, AL 35283-0719

Timothy M Lupinacci, Esq.
BURR & FORMAN
PO Box 830719
Birmingham, AL 35283-0719

Eli Pietrack
503-B Howard Street
Eagle, CO 81631

Irving Kern
2125 Biscayne Blvd.
Miami, FL 33137-5029

Morris Jaffe
2125 Biscayne Blvd.
Miami, FL 33137-5029

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

96 DEC -5 AM 9:5 **ENTERED**

DEC 5 1996

| | |
|---|---|
| BANK MIDWEST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NUMBER |
| ) | |
| MORRIS JAFFE, et al., ) | 96-C-1620-NE |
| ) | |
| Defendants. ) | |

DEC 1996 RECEIVED

## DEFAULT JUDGMENT

1. Bank Midwest's Motion for Entry of Default Judgment is hereby **GRANTED**.

2. Default Judgment is hereby entered in favor of Bank Midwest and against Irving Kern in the amount of $113,333.33, plus interest and late charges in the amount of $95,031.66, attorneys' fees of $12,500.00, and the costs of this action.

DONE this _4th_ day of December, 1996.

UNITED STATES DISTRICT JUDGE
U. W. CLEMON

A TRUE COPY
PERRY D. MATHIS, CLERK
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
BY: Albert B. Coleman
DEPUTY CLERK

16